## VAN RISWICK *v.* SPALDING and Others.

### APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Argued March 10, 1886.—Decided March 22, 1886.

A creditor, who, by the terms of a trust deed executed in good faith by the debtor to secure payment of the debt, has the power to order the land to be sold either by public auction or private sale, and to direct the trustee to convey to the purchaser, and the amount of whose debt is thrice the value of the land, may accept the land in satisfaction of the debt, and cause it to be conveyed by the trustee to the debtor's children, as a gift to them from the creditor, without affording to other creditors of the debtor any just cause of complaint.

The case is stated in the opinion of the court.

*Mr. T. A. Lambert* for appellant.

*Mr. Leigh Robinson* for appellee.

Mr. JUSTICE GRAY delivered the opinion of the court.

This is a bill in equity by a judgment creditor of William E. Spalding against Spalding, his children, William W. Rapley, William H. Thomas, trustee, and George W. Bonnell, to set aside conveyances of land in Washington, and to have it sold and applied to the payment of Spalding's judgment debts.

The material facts of the case, as appearing by the pleadings and proofs upon which it was heard in the court below, are as follows:

The plaintiff's judgment was recovered on February 6, 1868. On December 20, 1867, Spalding being indebted to Rapley in the sum of $10,000, for which he had given him a promissory note, payable in ninety days, and Rapley having endorsed other notes of Spalding to the amount of $20,000, Spalding, by a deed in which his wife joined, conveyed all his real estate in Washington to Thomas, in trust to secure the payment of the note for $10,000, and to secure Rapley from loss by reason of his endorsements. The trusts declared in that deed were, that in case of Spalding's failure to pay any of the notes at maturity, or interest thereon, the trustee should, upon the written order of Rapley, sell the land by public auction; that Rapley might at any time during the continuance of the trust direct the trustee to sell the land, or any part thereof, at private sale to such persons, and upon such terms and conditions, as Rapley should deem most advantageous to all parties concerned, and make conveyances accordingly; that the proceeds of all sales under the trust should be applied, first, to pay the expenses of executing the trust, then, to pay all the notes, and lastly, to pay any balance remaining to Spalding and wife, their executors and administrators; and that the trustee should stand seized of any land remaining unsold, after satisfying the liens aforesaid, to the sole use and benefit of Spalding's wife and children, and sell or mortgage it as she should in writing appoint, and pay over the proceeds to her, or invest them as she should direct.

Mrs. Spalding died without having attempted to exercise this power; and all the land, except two lots, was sold by the trustee, according to the deed of trust, for the sum of $22,046, and applied to the payment of the notes endorsed by Rapley, and interest accrued thereon.

On March 27, 1876, Spalding and Rapley made a final settlement of all business between them, including the affairs of a partnership which had existed between them in other lands from before any of the transactions above stated; and Spalding, at Rapley's request, signed the following agreement:

"It is agreed this 27th day of March, A.D. 1876, between William W. Rapley and William E. Spalding, of the city of Washington in the District of Columbia, in full and final settle-

ment of all their partnership affairs and of all business heretofore existing between them, that the said Rapley does release and convey to George W. Bonnell (for such purposes as the said Spalding may direct) all the right, title, and interest of him, the said Rapley, in and to " [six lots of land, designated by squares and numbers, being the two lots aforesaid, and four others owned by Rapley,] " in the city of Washington in the District of Columbia; and in consideration of such release and conveyance the said Spalding does hereby release and acquit the said Rapley from any and all demand and claim whatever on account of their business aforesaid."

On the same day, Spalding, Rapley, and Thomas as trustee, executed a deed of the two lots to Bonnell, expressed to be in consideration of the payment of the sum of $2500. The value of these lots was admitted to be $3297. The record before us contains no copy of the deed, nor any further statement of its contents.

But the oral testimony proves, beyond controversy, that no money was actually paid for this conveyance; that at that time Spalding had no claim against Rapley; that no part of Spalding's note to Rapley for $10,000 had then or has since been paid; that Rapley decided to take the two lots in satisfaction of that debt to himself, and authorized and directed this conveyance to be made, without a sale by auction, in order to save expense, and with the sole object of having the land held by Bonnell in trust for Spalding's children as a gift to them from Rapley; and that Thomas and Spalding joined with Rapley in the deed to Bonnell, in order to perfect the legal title.

The facts of the case being understood, the law applicable to them is clear. There is no proof whatever that the trust deed from Spalding to Thomas was made with any intent to defraud Spalding's creditors. Under that deed, Rapley had the whole equitable title in the two lots, and the right to direct Thomas to sell them by private sale, for an adequate consideration, to pay the debt due him from Spalding. He in effect paid a greater consideration by accepting the lots in satisfaction of a debt for thrice their value. He might cause them to be con-

veyed to himself, to Spalding's children, or to any other person, without exceeding the powers conferred upon him by the trust deed, or affording to Spalding's creditors any just ground of complaint.

<div align="right">

*Decree affirmed.*